IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theresa Hume, | No. CIV 06-1768-PHX-NVW (DKD) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Sheryl Foster, Warden, Southern Nevada Women's Correctional Center; Attorney General of the State of Arizona, | |
| Respondents. | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Theresa Hume, through counsel, filed a timely petition for writ of habeas corpus on July 17, 2006, challenging her conviction for manslaughter following a guilty plea, and the trial court's imposition of an aggravated 14-year prison term.  In her first ground for habeas relief, she contends that the trial court's imposition of an aggravated sentence violated her right to a jury trial under the Sixth Amendment, citing *Blakely v. Washington*, 542 U.S. 296 (2004).  She also argues that her guilty plea was not knowing, intelligent and voluntary, in violation of the Fourteenth Amendment.  Respondents contend that Hume's first ground is procedurally defaulted, and that both grounds are without merit.  For the reasons stated below, the Court recommends that Hume's petition be denied and dismissed with prejudice.

Hume was originally indicted for manslaughter and aggravated assault, arising from the death of the victim which occurred while Hume was driving while intoxicated.  The state alleged a prior conviction for attempted aggravated assault, and that Hume had committed

1   the offenses while on probation (Doc. #12, Exh A-C).  As part of the plea agreement, the

2   state agreed to dismiss the aggravated assault charge, and the allegations of a prior conviction

3   and that the offense occurred while she was on probation.  Under the original indictment,

4   Hume faced prison time ranging from 9.25 to 23.25 years.  The plea agreement specified that

5   Hume would serve between 9 and 14 years in prison (*Id*., Exh D).  The trial court sentenced

6   Hume to an aggravated term of 14 years (*Id*., Exh G, H).

7           Through counsel, Hume filed a petition for post-conviction relief, alleging that the

8   imposition of an aggravated term was an abuse of the trial court's discretion and that the plea

9   was not voluntarily, knowingly or intelligently made (*Id*., Exh K, L).  Hume petitioned the

10  court of appeals for review, and supplemented her petition for review with a *Blakely*

11  argument (*Id*., Exh T-X).  On its own motion, the court of appeals stayed the petition for

12  review and revested jurisdiction in the superior court to allow Hume to present her *Blakely*

13  claim.  The trial court granted Hume relief, finding that "[u]nder the most recent cases, each

14  aggravating factor considered by the sentencing judge must be *Blakely*-exempt or *Blakely*

15  compliant," and that "other than the aggravating factor of Defendant being on probation for

16  an alcohol-related offense, the remaining factors considered involve subjective nuances that

17  needed to be submitted to a jury" (*Id*., Exh GG).

18          The trial court set a status conference and a date for the jury determination of the

19  aggravating factors.  In the order extending the trial court's jurisdiction, the court of appeals

20  stated that jurisdiction would revest in the appellate court *sooner* than the date of the status

21  conference in superior court (*Id*., FF-II).  For that reason, the status conference and date for

22  a jury determination were both vacated upon separate motions by the parties.  The court of

23  appeals summarily denied Hume's *original* petition for review that raised no claim under

24  *Blakely*; the supreme court also denied review (*Id*. Exh JJ-MM).

25          Although Respondents argue that Hume has not exhausted her first claim by failing

26  to file any supplemental petition for review with the court of appeals to alert the appellate

27  court to an alleged *Blakely* error, the Court need not address the issue of exhaustion because

28

it finds that Hume's *Blakely* claim is without merit.  *See* 28 U.S.C. § 2254(b)(1).  The Sixth Amendment requires that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely v. Washington*, 542 U.S. at 301(quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  In Arizona, the statutory maximum is the presumptive term, the maximum sentence the judge may impose solely "*on the basis of facts reflected in the jury verdict or admitted by the defendant*." *Id*. at 303 (emphasis in original).  However, "once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *State v. Martinez*, 210 Ariz. 578, 585 (2005).  *See also United States v. Booker*, 125 S.Ct. 738, 748 (2005) (jury must determine facts that raise a sentencing ceiling).

First, Hume was not sentenced pursuant to the statutory sentencing range for a manslaughter conviction - 7.5 to 21 years, with a presumptive term of 10.5 years.  Hume *negotiated and agreed to* a sentencing range between 9 and 14 years.  Second, even assuming that the 10.5 presumptive term is the "statutory maximum" for purposes of *Blakely*, the sentencing judge's finding of aggravating factors was *Blakely*-compliant.  Included among the aggravating factors listed by the trial court were "[t]he defendant having an alcohol, blood alcohol level of in excess of two times the legal limit, [and] the defendant being on probation for an alcohol-related offense for which she was ordered to refrain from any alcohol consumption" (Doc. #12, Exh K at 59).[1]  Hume stipulated to that blood alcohol level

---

[1]The sentencing judge also listed other aggravating factors:

[T]he defendant continuing to be in extreme risk to reoffend and harm members of the society, of society and my not feeling that when the defendant gets out, that the risk of harm would be lessened, and the fact that the defendant has destroyed many lives as a result of her conduct in this matter and the conscious decisions that she did make.

as part of the plea agreement.  In addition, a review of the sentencing transcript indicates that both counsel and the trial court discussed, and Hume admitted (1) a 1991 arrest for DUI, following a serious traffic accident which occurred while she was intoxicated, resulting in her being in a coma for six months; (2) a 2000 arrest for DUI and aggravated assault for striking a police officer; and (3) her on-probation status at the time of the 2002 offense, with a court order that she not consume any alcohol during the period of her probation.

*Blakely* was therefore satisfied once Hume admitted a single aggravating factor.  In addition, exempt from the *Blakely* requirement is *Apprendi's* exception for prior convictions. *See United States v. Fagans*, 406 F.3d 138, 141-42 (2nd Cir. 2005) (a trial judge's on-probation finding "seems logically to fall within [the prior conviction] exception").  Once a true finding as to Hume's probation status was established, *based upon her own admission*, the sentencing judge was authorized to find the remaining aggravating factors, *State v. Martinez*, and acted within his discretion in imposing a sentence anywhere within the statutory range *agreed to by Hume*.

In a second, somewhat related claim, Hume contends that her plea was not knowing, intelligent and voluntary because the state argued her probationary status as an aggravating factor justifying the imposition of an aggravated term, when the parties had agreed not to allege this status as a sentence enhancement pursuant to A.R.S. § 13-604.02(B).  We agree with Respondents and the state court that Hume's misapprehension or mistaken assumptions about the possible sentence cannot form the basis for overturning a guilty plea.  *See United States v. Ruiz*, 536 U.S. 622, 630 (2002).  In addition, Hume benefitted from the state dismissing the allegation of probation pursuant to § 13-604.02(B); with that enhancement, the trial court would have been *required* to sentence Hume to a term not less than the

---

Some of those conscious decisions being the decision, knowing her problems and knowing the problems she has with alcohol, to take that first drink, and the conscious decision knowing of consequences as a result of not taking medication (Doc. #12, Exh K, R.T.  8/30/2002 at 59).

1    presumptive - 10.5 years, without the possibility of early release.  Hume also does not

2    contend that absent the misunderstanding, she would not have entered the plea and would

3    have gone to trial on the original indicted charges, presumably with enhancements, facing

4    almost 25 years in prison.  She therefore suffered no prejudice.

5          **IT IS THEREFORE RECOMMENDED** that Theresa Hume's petition for writ of

6    habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

7          This recommendation is not an order that is immediately appealable to the Ninth

8    Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

9    Appellate Procedure, should not be filed until entry of the district court's judgment.  The

10   parties shall have ten days from the date of service of a copy of this recommendation within

11   which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules

12   72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within

13   which to file a response to the objections.  Failure timely to file objections to the Magistrate

14   Judge's Report and Recommendation may result in the acceptance of the Report and

15   Recommendation by the district court without further review.  *See United States v. Reyna-*

16   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual

17   determinations of the Magistrate Judge will be considered a waiver of a party's right to

18   appellate review of the findings of fact in an order or judgment entered pursuant to the

19   Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

20         DATED this 7th day of June, 2007.

21

22

23

24   _____

                    David K. Duncan
              United States Magistrate Judge

25

26

27

28                              - 5 -