|   |   |
|---|---|
| Theresa Hume, | No. CV06-01768-PHX-NVW |
| Petitioner, | **ORDER** |
| vs. |   |
| Sheryl Foster, Warden, Southern Nevada Women's Correctional Center; Attorney General of the State of Arizona, |   |
| Respondents. |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Pending before the court is the Report and Recommendation ("R&R") of Magistrate Judge Duncan (Doc. # 16) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 1). The R&R recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had ten days to file objections to the R&R. (R&R at 5 (citing 28 U.S.C. § 636(b)). Petitioner has filed objections (Doc. # 17) and, at the court's direction, Respondents have filed a reply (Doc. # 22).

The court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning

1  of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

The court adds the following additional explanation.

1. The court does reach and decide a question that the Magistrate Judge passed over. Petitioner did exhaust his state court remedies by filing his supplemental citations of authorities in the Arizona Court of Appeals, arguing his claims under *Blakely v. Washington,* 542 U.S. 296 (2004), *Blakely* having been decided after his sentencing and during the appeal of his post-conviction proceedings of right. The Court of Appeals revested jurisdiction in the Superior Court to consider those claims, and the Superior Court granted relief, setting a jury trial to determine the aggravating factors upon which the Superior Court had relied in the sentencing. Having prevailed at that phase, Petitioner was not then an aggrieved party in that respect and did not need to file, and could not have filed, an amended petition for review in the Court of Appeals on the *Blakely* issues.

When the Court of Appeals later denied the petition before jury proceedings could be had on the aggravating factors, it necessarily rejected the Superior Court's April 27, 2005 finding that *Blakely* required a jury determination of *all* aggravating factors not otherwise exempt from *Blakely*. It is apparent that the Court of Appeals' July 21, 2005 decision had been waiting for and relied on the Arizona Supreme Court's intervening July 8, 2005 decision in *State v. Martinez*, 210 Ariz. 578, 585, 115 P.3d 618, 625 (2005). That case held that only a single *Blakely*-permissible aggravating factor "permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed." Thus, Petitioner adequately presented his *Blakely* claims to the Court of Appeals, which rejected them on the merits. Petitioner's petition for review to the Arizona Supreme Court did not argue the *Blakely* issues, but he was not required to do so to adequately exhaust his state court remedies before seeking federal habeas review under 28 U.S.C. § 2254. *Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007).

2.    The sentencing judge stated one of the aggravating factors he relied upon as follows:

> On August 20, 2002 Petitioner was sentenced to the aggravated term of 14 years based upon certain aggravating factors articulated by the court:
> . . .
> B.    Defendant being on probation for an alcohol-related offense for which she was ordered to refrain from alcohol consumption;

(Answer to Petition, Exh. GG.) The aggravating factor of Petitioner having been on probation for an alcohol-related offense was within the prior conviction exception to *Blakely*. *United States v. Cordero,* 465 F.3d 626, 632-33 & n. 33 (5th Cir. 2006)("related facts such as the timing of the conviction and the type and length of sentence imposed, may be judicially found at sentencing" and citing cases); *United States v. Corchado,* 427 F.3d 815, 820 (10th Cir. 2005) (same); *United States v. Fagans*, 406 F.3d 138, 141-42 (2nd Cir. 2005) (same).

*Stokes v. Schriro*, 465 F.3d 397 (9th Cir. 2006), is not to the contrary. *Stokes* held a sentencing enhancement that "defendant's 1981 convictions for kidnaping and aggravated assault . . . are striking similar to the instant offense" was a fact finding requiring jury determination. *Id.* at 403. That qualitative comparison of the previous offense with the sentencing offense was "not covered by *Apprendi's* prior conviction exception." *Id.* In contrast, the fact of being on probation for an alcohol-related offense, including a term to refrain from alcohol consumption, is apparent from the conviction itself, without need for qualitative comparison. *Stokes* is unlikely to have broken, without discussion or acknowledgment, from the apparently uniform rule of other circuits allowing consideration of the judicially apparent fact of prior probation where qualitative comparison is not relied upon.

3.    The Plea Agreement provided, "The defendant shall be sentenced to between 9 and 14 years in the Department of Corrections." It further agreed that "the Defendant hereby waives and gives up any and all motions, defenses, objections, or requests that he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agree." These provisions plainly

- 3 -

include waiver of any objection to judicial fact-finding to arrive at a sentence within the agreed 9-to-14-year range. The *Blakely* objection was not then known, as *Blakely* was decided later, but it was an objection that Petitioner "could assert hereafter" and so was waived. This waiver of any *Blakely* objection requires denial of the habeas corpus petition, independently of the other grounds discussed above.

4. Insofar as the Magistrate Judge also ruled on any non-dispositive matters, error may not be assigned to any defect in those rulings to the extent that an aggrieved party did not file a timely objection. Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."). The absence of a timely objection precludes later assignment of error in this court or in any higher court of the non-dispositive rulings of a magistrate judge. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Philipps v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

IT IS THEREFORE ORDERED that Report and Recommendation of the Magistrate Judge (Doc. # 16) is accepted as supplemented by this order.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 1) is denied and dismissed with prejudice. The Clerk shall terminate this action.

DATED this 30th day of August 2007.

_____
Neil V. Wake
United States District Judge